**Fricker & Mellen & Associates**
**Timothy J. Fricker, Esq. 183309**
**James G. Mellen, Esq. 122035**
**Tribune Tower**
**409 13th Street, 17th Floor**
**Oakland, CA 94612**
**Tel: (510) 663-8484**
**Fax: (510) 663-0639**

Attorneys for Plaintiff
Merrill Lauritano

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRILL LAURITANO, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| BYER CALIFORNIA CORPORATION'S LONG TERM DISABILITY PLAN, | |
| Defendant. | |

## I. JURISDICTION

1. This is a suit to enforce plaintiff's rights to declaratory, injunctive and monetary relief brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001, et seq.

## II. PARTIES

2. Plaintiff MERRILL LAURITANO was at all times relevant hereto a participant in the BYER CALIFORNIA CORPORATION'S LONG TERM DISABILITY PLAN (hereinafter referred to as PLAN), pursuant to ERISA.

3. LIFE INSURANCE COMPANY OF AMERICA (CIGNA) (hereinafter referred to as

**Lauritano Complaint**                    Page 1

1  "CIGNA") is the Administrator of the PLAN.

2      4.    The PLAN is an employee welfare benefit plan pursuant to ERISA section 502, 29 USC 1002.

### III. FACTS

5.  Plaintiff was a participant in good standing in the PLAN on July 5, 2006.

6.  Plaintiff became disabled on or about September 23, 1996, and continued to be disabled through to July 5, 2006. Her disability has, at all times since, met the definition of disability in the PLAN.

7.  On June 5, 2006, the PLAN, through the insurer, informed plaintiff that as of July 5, 2006, it would terminate disability benefits under the PLAN.

8.  Plaintiff timely appealed the termination of benefits. On March 30, 2007, the PLAN, through the insurer, informed plaintiff that her appeal was denied.

9.  Plaintiff has performed all acts necessary to maintain her status as a participant in the PLAN. She timely filed all applications for benefits and appeals of the termination of benefits. She provided all the necessary information to the PLAN and its representatives. Plaintiff exhausted all available administrative remedies under the PLAN.

### IV. CLAIM FOR RELIEF

10. Plaintiff hereby realleges and incorporates by reference every allegation of paragraphs 1 though 9 above, inclusive.

11. ERISA Section 502(a)(1)(B), 29 USC 1132(a)(1)(B), provides a private right of action for ERISA plan participants to recover benefits due and to clarify rights to future benefits under the terms of the PLAN.

12. As a direct and proximate consequence of defendant's failure and refusal to pay benefits under the PLAN, plaintiff has been deprived of amounts to be determined and interest thereon.

**Lauritano Complaint**                    Page 2

# V.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

1. A judgment and order that defendant pay the benefits due plaintiff now and in the future and interest thereon.

2. An order that defendant pay plaintiff her attorney fees and other costs.

3. Such order and further relief as the Court may deem just and proper.

Date: July 10, 2007.

**Fricker & Mellen & Associates**

By: _____
          Timothy J. Fricker, Esq.

Attorneys for Plaintiff
Merrill Lauritano

**Lauritano Complaint**                    Page 3