ADRIENNE C. PUBLICOVER (SBN 161432)
CHARAN M. HIGBEE (SBN 148293)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendant
BYER CALIFORNIA CORPORATION'S
LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRILL LAURITANO,<br><br>  Plaintiff,<br><br>  v.<br><br>BYER CALIFORNIA CORPORATION'S LONG TERM DISABILITY PLAN,<br><br>  Defendant. | Case No.:   C07-03609 MJJ<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Judge :       Hon. Martin J. Jenkins<br>Courtroom:  11<br>Floor:          19 |

DEFENDANT'S ANSWER TO COMPLAINT
USDC NDCA Case #C07-03609 MJJ
296834.1

Defendant Byer California Corporation's Long Term Disability Plan (hereinafter "defendant") answers the Complaint filed by plaintiff Merrill Lauritano in this action (hereinafter "the Complaint") as follows:

## JURISDICTION

1. Answering paragraph 1 of the Complaint, defendant admits that this action is brought under the provisions of ERISA. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 1 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 1 of the Complaint.

## PARTIES

2. Answering paragraph 2 of the Complaint, defendant admits, on information and belief, the allegations set forth therein.

3. Answering paragraph 3 of the Complaint, defendant admits that Life Insurance Company of North America is the claim administrator under the Byer California Corporation Long Term Disability Plan. Defendant denies that Life Insurance Company of North America is the Plan Administrator. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 3 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, defendant admits, on information and belief, the allegations set forth therein.

## FACTS

5. Answering paragraph 5 of the Complaint, defendant admits that plaintiff was a participant under the Plan on or about June 5, 2006. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 5 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 5 of the Complaint.

---

1
**DEFENDANT'S ANSWER TO COMPLAINT**
USDC NDCA Case #C07-03609 MJJ
296834.1

6. Answering paragraph 6 of the Complaint, defendant admits that plaintiff received disability benefits under the Plan between December 23, 1996 and June 5, 2006, and that the payment of disability benefits was based on a disability onset date of September 24, 1996. Defendant denies that plaintiff was disabled under the terms of the Plan after June 5, 2006. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 6 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, defendant admits that a letter dated June 5, 2006 was sent to plaintiff which stated that her disability benefits would not be extended beyond June 5, 2006. Defendant admits that this June 5, 2006 letter speaks for itself. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 7 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, defendant admits that plaintiff appealed the denial of disability benefits under the Plan. Defendant admits that a March 30, 2007 letter was sent to plaintiff regarding her appeal, and admits that this March 30, 2007 letter speaks for itself. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 8 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, defendant admits that plaintiff was a participant in the Plan between September 24, 1996 and June 5, 2006. Defendant admits that plaintiff timely filed an application for disability benefits under the Plan in 1996, and admits that plaintiff appealed the 2006 denial of disability benefits. Defendant denies that plaintiff provided necessary information to the Plan and/or its representatives to establish that plaintiff was disabled under the terms of the Plan after June 5, 2006. Defendant denies that plaintiff exhausted the administrative remedies under the Plan. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 9 for an

answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 9 of the Complaint.

## CLAIM FOR RELIEF

10. Answering paragraph 10 of the Complaint, defendant incorporates by reference its responses to paragraphs 1 through 9 of the Complaint as though fully set forth here.

11. Answering paragraph 11 of the Complaint, defendant admits that ERISA Section 502(a)(1)(B), 29 USC 1132(a)(1)(B) speaks for itself. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 11 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, defendant admits that plaintiff has not received disability benefits under the Plan since June 5, 2006. Defendant denies that plaintiff was disabled under the terms of the Plan after June 5, 2006. Except as expressly admitted or denied, defendant denies each and every remaining allegation set forth in paragraph 12 of the Complaint.

## PRAYER FOR RELIEF

13. Answering the prayer for relief alleged in the Complaint (hereinafter "prayer for relief"), defendant denies that plaintiff is entitled to the relief requested therein. Defendant specifically responds to the prayer for relief as follows:

1. Answering paragraph 1 of the prayer for relief, defendant denies that plaintiff is entitled to the relief requested therein.

2. Answering paragraph 2 of the prayer for relief, defendant denies that plaintiff is entitled to the relief requested therein.

3. Answering paragraph 3 of the prayer for relief, defendant denies that plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

14. As a first affirmative defense, defendant alleges that neither the Complaint, nor any claim for relief therein, states facts sufficient to state a claim for relief against defendant.

1    15.    As a second affirmative defense, defendant alleges that plaintiff has failed to satisfy all conditions precedent, subsequent, and/or concurrent to the receipt of disability benefits under the subject group insurance policy and/or under the subject plan.

    16.    As a third affirmative defense, defendant alleges that plaintiff has failed to comply with the terms of the subject group insurance policy and/or the subject plan, and that, accordingly, plaintiff's claim for disability benefits is barred.

    17.    As a fourth affirmative defense, defendant alleges that the subject plan confers discretionary authority on defendant and/or Life Insurance Company of North America to interpret the terms of the subject group insurance policy, to make factual findings, and to determine eligibility for disability benefits under the subject plan. Accordingly, the arbitrary and capricious standard of review applies to the claim decision that is the subject of this action.

    18.    As a fifth affirmative defense, defendant alleges that the claim decision was not made in an arbitrary and capricious manner.

    19.    As a sixth affirmative defense, defendant alleges that the claim decision (denying disability benefits to plaintiff) was correct, proper and reasonable.

    20.    As a seventh affirmative defense, defendant alleges that plaintiff is not entitled to disability benefits under the terms of the subject group insurance policy and/or the subject plan.

    21.    As an eighth affirmative defense, defendant alleges that, if the Court should determine that plaintiff is disabled pursuant to the terms of either the subject group insurance policy and/or the subject plan, which defendant disputes and denies, defendant is entitled to offsets for other income received by plaintiff, including but not limited to Social Security disability, state paid disability, worker's compensation, and other group disability benefits.

    22.    As a ninth affirmative defense, defendant alleges that plaintiff's Complaint, and the claims set forth therein, are premature and/or that plaintiff has failed to exhaust the administrative remedies under the subject plan.

---

4
**DEFENDANT'S ANSWER TO COMPLAINT**
USDC NDCA Case #C07-03609 MJJ
296834.1

23. As a tenth affirmative defense, defendant alleges that, by plaintiff's conduct or that of her agents, plaintiff has waived, or is estopped to assert, every claim for relief against defendant set forth in the Complaint.

24. Defendant reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiff take nothing by reason of her Complaint on file herein and that judgment be awarded in favor of defendant Byer California Corporation's Long Term Disability Plan;

2. That any declaration of rights and obligations made by this Court state and declare that plaintiff is not entitled to disability benefits from defendant Byer California Corporation's Long Term Disability Plan, or under any policy of insurance insuring the defendant plan;

3. That defendant be awarded its attorney's fees, costs, and expenses incurred in this action; and

4. That defendant recover such other and further relief as the Court may deem just and proper.

Dated: September 10, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____/s/ Charan M. Higbee_____
Adrienne C. Publicover
Charan M. Higbee
Attorneys for Defendant
BYER CALIFORNIA CORPORATION'S
LONG TERM DISABILITY PLAN

---

5
**DEFENDANT'S ANSWER TO COMPLAINT**
USDC NDCA Case #C07-03609 MJJ
296834.1

**CERTIFICATE OF SERVICE**
*Merrill Lauritano v. Byer California Corporation's Long Term Disability Plan, et al.*
*USDC NDCA Case #C07-03609 MJJ*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANT'S ANSWER TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→     : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Timothy J. Fricker, Esq.
James G. Mellen, Esq.
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA  94612
Tel:     (510) 663-8484
Fax:     (510) 663-0639

*Attorneys for Plaintiff MERRILL LAURITANO*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **September 10, 2007**, at San Francisco, California.

_____
Nancy L.